445 So.2d 425 (1984)
STATE of Louisiana ex rel., Terry James PIERRE
v.
Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary.
No. 83-KH-0806.
Supreme Court of Louisiana.
January 27, 1984.

*426 On Application for Writs

Granted. Relator's sentence, thirty-three years at hard labor, was not imposed without benefit of parole, probation or suspension of sentence; whereas the Department of Corrections records reflect parole ineligibility. The determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the trial judge, not the defendant's custodian. The custodian's obligation is to see that the sentence imposed is the sentence served. The State of Louisiana in the person of the prosecutor was party to the proceedings in which this sentence was imposed. The prosecutor has not objected and has not sought to have the sentence set aside. Accordingly, the Department of Corrections is ordered to correct their records to show that relator's sentence is to be served as imposed by the trial judge, without the restriction of parole ineligibility. See State v. Almore, 433 So.2d 712 (La.1983).
MARCUS and BLANCHE, JJ., concur:
It is the prosecutor's duty to have a sentence set aside if it is not in accordance with the statute. The Department's duty is to comply with the sentence of the trial judge as rendered.