848 So.2d 538 (2003)
STATE of Louisiana
v.
Anthony GUILBEAU, Jr.
No. 2003-K-0553.
Supreme Court of Louisiana.
June 6, 2003.
Writ denied.
CALOGERO, C.J., and WEIMER, J., would grant the writ.
JOHNSON, J., dissents from the denial of the writ and assigns reasons.
JOHNSON, J., dissenting from the denial of the writ.
I respectfully disagree with the majority's decision to deny the writ application in this matter for the following reasons.
On January 29, 1999, police responded to a domestic disturbance call at the home of Anthony Guilbeau, Sr. and Anne Guilbeau involving a fight between Mr. Guilbeau, Mrs. Guilbeau and defendant. While at the Guilbeau home, police discovered over 315 grams of cocaine and four pounds of marijuana.
Defendant was originally charged by bill of information with one count of possession of cocaine in excess of 200 grams, but less than 400 grams, a violation of R.S. 40:967(F)(1)(b), and one count of possession of marijuana with intent to distribute, a violation of R.S. 40:966(A)(1). Pursuant to a plea agreement, the state reduced the charge in count one to possession of more *539 than 28 grams but less than 200 grams of cocaine, in violation of R.S. 40:967(F)(1)(a). Defendant withdrew his former not guilty plea and entered a plea of guilty to both counts as amended. After accepting his guilty plea, the trial court ordered a pre-sentence investigation report. Subsequently, defendant filed a motion to withdraw his guilty plea, but that motion was denied following a hearing.
At sentencing on May 34, 2002, the trial court sentenced defendant under the new law to serve five years at hard labor without the benefit of probation, parole of suspension of sentence for the possession of cocaine conviction and to five years at hard labor for the possession of marijuana with intent to distribute, to run concurrently.
Defendant appealed his conviction and sentence to the Third Circuit Court of Appeal. The court affirmed defendant's conviction. In reviewing the record for errors patent, the court found that defendant was given an illegally lenient sentence for the possession of cocaine conviction. State v. Guilbeau, 02-0972 (La.App. 3 Cir. 2/5/03), 838 So.2d 160. The sentencing range in 1999, the year the offense was committed, was 10 to 60 years imprisonment at hard labor and a fine of $50,000 to $100,000. Under the amended law, 2001 La. Acts. 403, the sentence dropped to 5 to 30 years imprisonment at hard labor. Since defendant was given a sentence of only five years, the minimum under the new law but half of what the law required as a minimum term of imprisonment at the time of the offense, the court of appeal ordered that his sentence be vacated, and it remanded the case to the trial court for resentencing in accord with R.S. 40:967(F) as it existed at the time of the offense. State v. Guilbeau, 02-0972 at 4-5, 838 So.2d at 163.
In State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, this Court noted that a defendant does not have a constitutional or statutory right to an illegally lenient sentence and concluded that an appellate court may recognize, sua sponte, an illegally lenient sentence on patent error review. However, there is a distinction to be made between Williams and the case sub judice. Unlike the defendant in Williams, who simply pled guilty to the charges against him, the defendant's guilty plea in the instant case was made pursuant to a plea agreement with the state. Pursuant to this plea agreement, the defendant pled guilty to the lesser offense of possession of between 28 grams and 200 grams of cocaine, which inherently included the lesser sentence of imprisonment at hard labor for five to thirty years.
In my view, it is fundamentally unfair for the state to bargain for a guilty plea in exchange for a lesser sentence, and to subsequently have this sentence vacated in favor of a more onerous sentence on appeal. The defendant is not receiving that which he bargained for. This is especially disturbing in cases such as the instant one, where the state has not objected below or complained on appeal regarding the leniency of the defendant's sentence. The state receives a fortuitous benefit because the defendant exercised his right to appeal.
If the defendant is not allowed to receive the sentence for which he bargained in exchange for his guilty plea, his guilty plea should be set aside and the state should be required to prove the charged offense against the defendant.
For these reasons, I would grant defendant's writ application.