NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-828

STATE OF LOUISIANA

VERSUS

FERRIS JAMES MARTIN

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 160236.1
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Jonathan W. Perry, Judges.

SENTENCE AMENDED AND AFFIRMED AS AMENDED;
REMANDED WITH INSTRUCTIONS.

Bruce G. Whittaker
Louisiana Appellate Project
1215 Prytania Street, Suite 332
New Orleans, LA  70130
(504) 554-8674
COUNSEL FOR DEFENDANT-APPELLANT:
     Ferris James Martin

**Keith A. Stutes**
**Fifteenth Judicial District Attorney**
**Alan P. Haney**
**Assistant District Attorney**
**Post Office Box 3306**
**Lafayette, LA 70501-3306**
**(337) 232-5170**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**


**Ferris James Martin**
**In Proper Person**
**#741697, Pine Unit 2**
**Louisiana State Penitentiary**
**Angola, Louisiana 70712**
**DEFENDANT-APPELLANT**

**PICKETT, Judge.**

The defendant pled guilty to manslaughter and attempted armed robbery. He now appeals his sentence for attempted armed robbery.

**FACTS**

Ferris James Martin was originally charged by bill of indictment with first degree murder, a violation of La.R.S. 14:30. On February 19, 2019, he pled guilty to the amended charge of manslaughter, a violation of La.R.S. 14:31, and an additional charge of attempted armed robbery, in violation of La.R.S. 14:27 and La.R.S. 14:64.

At the guilty plea proceeding, the state recited the following facts as the basis for the defendant's guilty plea. The defendant and co-defendant, Kevin Morrison, ordered a pizza via cell phone through an application that helped mask their phone number. William Kline delivered the pizza. Upon his arrival at the defendant's location, the defendant confronted Mr. Kline and shot him in the chest, killing him. When police officers arrived, they found the pizza boxes, the money belonging to the pizza company, and the victim's wallet. Consequently, it appears the defendant did not actually take anything from Mr. Kline. Mr. Morrison later admitted to police officers that he was the lookout for the defendant who planned the robbery as a means to obtain money to purchase Christmas gifts. The defendant acknowledged to the trial court that the recited facts represent his actions during the crime.

The record further shows that during the plea hearing, the state "formally move[d] to amend . . . the [defendant's] first degree murder charge to manslaughter" and "added [the charge of] attempted armed robbery" against the defendant.

For each conviction, the trial court sentenced the defendant to thirty-one years at hard labor and ordered his two sentences to run concurrently to each other. The trial court further ordered that defendant serve five years of his attempted armed robbery sentence without the benefit of parole, probation, or suspension of sentence.[1] The defendant appealed his attempted armed robbery sentence on the basis that it is illegally lenient.

## DISCUSSION

Appellate counsel argues the defendant's sentence for attempted armed robbery of thirty-one years without the benefit of parole, probation, or suspension of sentence for the first five years of this sentence is illegally lenient. Counsel asserts that the defendant's sentence should be vacated and that the matter should be remanded for resentencing in accordance with La.R.S. 14:64 and La.R.S. 14:27(D)(1)(a) which require that the entirety of a sentence for attempted armed robbery be served without benefit of parole, probation, or suspension of sentence. Counsel also argues the matter must be remanded to the trial court to correct the sentence. The defendant filed a pro se brief adopting the arguments of his counsel and urging that he must be present before the trial court for resentencing. The state agrees that the sentence is illegally lenient and should be corrected but argues remand is not required as provided in La.R.S. 15:301.1(A).[2]

---

[1] During sentencing, the trial court referred to the offense as armed robbery. The record shows, however, that the defendant pled guilty to attempted armed robbery and the reference by the trial court was an inadvertent error.

[2] Louisiana Revised Statutes 15:301.1(A) states:

> When a criminal statute requires that all or a portion of a sentence imposed for a violation of that statute be served without benefit of probation, parole, or suspension of sentence, each sentence which is imposed under the provisions of that statute shall be deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence. The failure of a sentencing court to specifically state that all or a portion

2

The sentencing provision for armed robbery provides that "[w]hoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence." La.R.S 14:64(B). Pursuant to La.R.S. 14:27(D)(3), the punishment for attempted armed robbery is a fine or imprisonment or both "in the same manner as for the offense attempted; [but] such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."

The defendant cites *State v. Rivers*, 01-1251 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, *writ denied*, 02-1156 (La. 11/22/02), 829 So.2d 1035, and *State v. Breaux*, 18-771 (La.App. 3 Cir. 3/13/19), 269 So.3d 1046, in support of his argument for remand. In *Rivers*, the appellate court remanded the matter to the trial court with instructions to provide the defendant with correct notice of the delay for him to seek post-conviction relief, not to correct an illegally lenient sentence. The appellate court corrected the sentence without remanding the case to the trial court.

In *Breaux*, 269 So.3d 1046, the state requested correction of the illegally lenient sentence. As here, the penalty provision for attempted first degree murder requires the entire sentence be served without benefit of parole, probation, or suspension of sentence. La.R.S. 14:30(C), 14: 27(D)(1)(a). In error, the trial court ordered that only ten years of the defendant's two sentences must be served without parole or suspension of sentence. Another panel of this court vacated the

---

of the sentence is to be served without benefit of parole, probation, or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without benefit of parole, probation, or suspension of sentence.

3

two sentences for attempted first degree murder and remanded the matter to the trial court for resentencing. In doing so, the panel acknowledged that it remanded the matter at the request of the state.

Contrary to La.R.S. 14:64 and La.R.S. 14:27(D)(3), the trial court imposed an illegally lenient sentence for the defendant's conviction of attempted armed robbery. This requirement is non-discretionary; therefore, this court is authorized to correct the error without remanding the matter to the trial court to correct this error. La.Code Crim.P. art. 882(A); La.R.S. 15:301.1(A); *State v. Williams,* 00-1725 (La. 11/28/01), 800 So.2d 790. Accordingly, we amend the defendant's sentence for attempted armed robbery to provide that it must be served without the benefit of parole, probation, or suspension of sentence. *Id.*

## ERRORS PATENT REVIEW

All appeals are reviewed for errors patent on the face of the record. La.Code Crim.P. art. 920. Our review of the record revealed one potential error patent.

The trial court advised the defendant that he had a two-year time limitation for filing an application for post-conviction relief from the date of his sentencing. Pursuant to La.Code Crim.P. art. 930.8(A), the time limitation for seeking post-conviction relief begins "after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922." The defendant perfected this appeal. Therefore, he has two years from the date a judgment herein becomes final to file an application for post-conviction relief. Accordingly, this matter is remanded to the trial court to correct this error. The trial court is directed to correctly advise the defendant of this prescriptive period by sending written notice to him within ten days from the rendition of this opinion and to file written proof in the record that defendant received the notice.

4

## DISPOSITION

Ferris James Martin's thirty-one year sentence for attempted armed robbery is amended to provide that it be served at hard labor without benefit of parole, probation, or suspension of sentence. The trial court is ordered to notify Ferris James Martin of the correct time limitation for him to file an application for post-conviction relief as ordered herein.

**SENTENCE AMENDED AND AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.