Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,412-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

DEANDRE TREYNELL GIBBS                 Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 401,843

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Paula C. Marx

JAMES E. STEWART, SR.                       Counsel for Appellee
District Attorney

ERIC M. WHITEHEAD
STEPHEN FOLK-CRUTHIRDS
Assistant District Attorneys

* * * * *

Before STONE, COX, and ROBINSON, JJ.

**COX, J.**

Defendant, Deandre Treynell Gibbs ("Gibbs"), was charged by bill of information with possession of a firearm or carrying a concealed weapon by a convicted felon, in violation of La. R.S. 14:95.1. Gibbs was sentenced to 15 years at hard labor without benefit of parole, probation, or suspension of sentence. For the following reasons, Gibbs' sentence is affirmed.

## FACTS

On August 23, 2024, Gibbs was charged by a bill of information with a single count of possession or carrying a concealed weapon by a convicted felon in violation of La. R.S. 14:95.1. The bill alleged that on or about May 8, 2024, Gibbs "unlawfully possess[ed] a firearm or [carried] a concealed weapon, to-wit: a firearm, after having been previously convicted of [La. R.S.] 14:62 Simple burglary on July 29, 2014. . ."

On October 23, 2024, a hearing was held regarding the motion to suppress filed by Gibbs on October 9, 2024. During the hearing, the State established that on May 8, 2024, law enforcement was dispatched to 3212 Fulton Street in Shreveport in response to a call about a missing juvenile. As officers approached the residence, they observed contraband. After obtaining permission to search the property, officers discovered a .45 caliber handgun behind a mirror. Gibbs admitted that the firearm belonged to him and that he was a convicted felon. Gibbs' motion to suppress was denied. That same day, he pled guilty to possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1, and formal arraignment was waived.

On November 14, 2024, sentencing was held. In accordance with La. C. Cr. P. art. 894.1, the trial court briefly noted its consideration of Gibbs' personal history, including his education and family life. The trial court also

orally noted Gibbs' criminal history, highlighting that Gibbs was previously convicted of simple burglary on July 29, 2014; resisting an officer with force or violence in 2009; and two convictions for simple burglary. The trial court then sentenced Gibbs to 15 years at hard labor without benefit of parole, probation, or suspension of sentence, and waived fines and costs, noting that Gibbs did not "have the capability of paying that fine or costs."

The trial court also provided that it would file a detailed sentencing memorandum in support of its ruling. The memorandum, provided in pertinent part:

> The Court is required to consider C. Cr. P. Art. 894.1(A), paragraphs 1, 2, 3. I find [1, 2, 3] to be/not to be applicable to this case:
>
> (1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
>
> (2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; and
>
> (3) A lesser sentence will deprecate the seriousness of the defendant's crime.

The trial court highlighted two aggravating factors: 1) that Gibbs used a dangerous weapon in the commission of the offense, and 2) that Gibbs had prior convictions for resisting an officer with force or violence and had two simple burglary convictions. On November 21, 2024, Gibbs filed a pro se motion to withdraw his plea or reserve his right to appeal his pretrial motion to quash. The following day, Gibbs filed his motion to reconsider sentence. The motion was denied on December 3, 2024. Gibbs then filed a motion for appeal on December 10, 2024.

2

**DISUCCSION**

By his two assignments on appeal, Gibbs argues that the trial court failed to sentence him in compliance with La. C. Cr. P. art. 894.1, which resulted in him receiving an excessive sentence of 15 years at hard labor.

Specifically, Gibbs argues that there were several mitigating factors that the trial court should have considered, namely that: 1) the predicate offense occurred in 2014; 2) Gibbs' criminal history is mostly comprised of non-violent offenses, save for a conviction for resisting an officer with force or violence; and 3) there was no indication that Gibbs ever used the firearm officers found in his possession. Moreover, Gibbs argues that the trial court should have considered that he accepted full responsibility for his actions and cooperated throughout. Gibbs also notes that while the sentencing range for La. R.S. 14:95.1(B)(1) is five to 20 years, his criminal history does not warrant a 15-year sentence, and this sentence is simply a needless infliction of pain and suffering.

The law concerning excessive sentences is well-settled; claims are reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1, and whether the sentence is constitutionally excessive. *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 19-00745 (La. 11/19/19), 282 So. 3d 1065. A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *Id.* The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, and employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation.

3

*State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749. There is no requirement that specific matters be given any particular weight at sentencing. *Id.*

A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. McKeever*, 55,260 (La. App. 2 Cir. 9/27/23), 371 So. 3d 1156. To constitute an excessive sentence, a reviewing court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock the sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and, therefore, is nothing more than the needless imposition of pain and suffering. *State v. Griffin*, 14-1214 (La. 10/14/15), 180 So. 3d 1262; *State v. Efferson*, 52,306 (La. App. 2 Cir. 11/14/18), 259 So. 3d 1153, *writ denied*, 18-2052 (La. 4/15/19), 267 So. 3d 1131.

The trial court has wide discretion in the imposition of sentences within the statutory limits and such sentences should not be set aside as excessive in the absence of a manifest abuse of that discretion. *State v. Griffin*, *supra*; *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. McKeever*, *supra*.

La. R.S. 14:95.1 provides that whoever is found guilty of possession of a firearm by a convicted felon shall be imprisoned at hard labor for not less than 5 nor more than 20 years without the benefit of probation, parole, or suspension of sentence and be fined not less than $1,000 nor more than $5,000. Gibbs was sentenced to 15 years at hard labor, without benefit of

4

parole, probation, or suspension of sentence. In imposing the sentence, the trial court considered Gibbs' criminal record and reviewed the factors set forth in La. C. Cr. P. art. 894.1. Specifically, the trial court stated:

> The Court has considered all of the factors enumerated in Code of Criminal Procedure Article 894.1(B), both mitigating and aggravating. The Court specifically finds the following aggravating and mitigating circumstances to apply: [a]s far as aggravating, the offender used a dangerous weapon in the commission of the offense; and also, other relevant aggravating circumstances, he has a conviction for resisting an officer with force or violence, he has been convicted of obscenity twice and simple burglary twice.

> Mitigating factors, I considered all of them. The defendant's criminal conduct neither caused nor threatened serious harm. He had marijuana. He had a firearm. I don't think that applies. Acted under strong provocation, that does not apply. None of the mitigating factors applied.

The trial court further reviewed and considered Gibbs' personal history, including his age, employment history, and familial life. On the record, the trial court was informed that Gibbs took responsibility for his actions, and the trial court acknowledged this fact. The trial court also filed a sentencing memorandum reflecting its considerations of all relevant factors, expressing there was an undue risk Gibbs: (1) would commit another offense, (2) was in need of correctional treatment, and (3) a lesser sentence would depreciate the seriousness of this offense.

Given that the trial court not only verbalized its reasoning for sentencing but also published its findings, we find that the trial court adequately considered the art. 894.1 during sentencing. Moreover, Gibbs received a midrange sentence for this offense, and we cannot say that his sentence is either grossly out of proportion to the severity of the offense or that it shocks the sense of justice. Therefore, we conclude the trial court did

not abuse its discretion in imposing the 15-year sentence, and Gibbs' sentence should be affirmed.

***Errors Patent***

Our review of the record has disclosed an error patent discoverable on the face of the record. Specifically, we find that Gibbs' sentence is illegally lenient because the trial court failed to impose a fine pursuant to La. R.S. 14:95.1(B)(1), which mandates a fine of "not less than one thousand dollars nor more than five thousand dollars."

Defendants in criminal cases do not have a constitutional right or a statutory right to an illegally lenient sentence. *State v. Williams*, 00-1725 (La. 11/28/01), 800 So. 2d 790; *State v. Burns*, 53,250 (La. App. 2 Cir. 1/15/20), 290 So. 3d 721. An illegally lenient sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). This correction may be made despite the failure of either party to raise the issue. *State v. Williams*, *supra*.

This court, however, is not required to take such action. *See State v. Green*, 54,267 (La. App. 2 Cir. 3/9/22), 334 So. 3d 1107. Because the State has not objected to the error, and Gibbs is not prejudiced by the failure to impose the fine, we likewise decline to impose the fine.

## CONCLUSION

For the aforementioned reasons, Gibbs' sentence is affirmed.

**AFFIRMED.**