PEATROSS, J.
 

 |, Defendant, Rondricus Smith, pled guilty to possession of a Schedule II CDS, cocaine, with the intent to distribute, in violation of La. R.S. 40:967. Pursuant to a plea agreement, he was sentenced to serve five years’ imprisonment at hard labor, three years suspended, with five years’ active supervised probation upon release. Defendant appeals, arguing that his sentence did not comply with the sentencing portion of the plea agreement. For the reasons stated herein, Defendant’s sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with the terms of the plea agreement.
 

 FACTS
 

 On June 24, 2010, Defendant attempted to sell crack cocaine to an undercover agent. The agent notified an officer who was patrolling the area, but Defendant fled when he noticed the patrol unit. The officers pursued Defendant on foot; and, during the pursuit, they observed Defendant drop a medicine bottle on the ground. The officers found three plastic baggies of rock cocaine inside the medicine bottle. On July 21, 2010, Defendant was charged by bill of information with possession of Schedule II, CDS, namely, cocaine, with the intent to distribute in violation of La. R.S. 40:967(A)(1).
 

 On November 15, 2010, Defendant pled guilty to the charge. In exchange for his guilty plea, the State recommended to the trial judge that there be an eight-year sentencing cap and that any sentence the judge would impose for this conviction would run concurrent with any other sentence he would receive under another docket number, specifically docket 12number 77,507.
 
 [1]
 
 Defense counsel explained the plea agreement to the trial court prior to the taking of the plea:
 

 Defense counsel: Your Honor, Ben Cor-mier on behalf of Mr. Smith in both matters. Your Honor, we do have a resolution reached in this matter. It’s my understanding as to the new matter that my client would be allowed to plead guilty with the sentence to be determined by the court with an eight year cap that would run concurrent with the five years he’s backing up, whatever the court would sentence him in that matter.
 

 The Court: All right. So Mr. Smith, if you will raise your right hand please.
 

 After Defendant was properly
 
 Boykin-
 
 ized
 
 [2]
 
 and pled guilty to the charge of possession with intent to distribute cocaine, defense counsel reiterated that the agreement was conditioned on Defendant’s sentence on the current charge (docket number 82,186) being ordered to run concurrent with whatever sentence the court would impose under docket number 77,507:
 

 Defense counsel: And your Honor, I’d just like the record to reflect that 82,186, whatever sentence the court does impose would run concurrent with 77,507.
 

 The Court: I understand that was part of the plea agreement.
 

 
 *1058
 
 The trial judge then ordered a presentence investigation (“PSI”) report.
 

 At sentencing, the judge reviewed the PSI report, which indicated that, despite Defendant’s youthful age, he was a second-felony offender with a previous conviction for possession of cocaine in May 2008. The judge further noted that Defendant was arrested for the instant crime while | she was still on probation for the 2008 conviction. Considering that factor along with the other guidelines outlined in La. C. Cr. P. art. 894.1, the judge found that any lesser sentence than five years at hard labor, with three years suspended, and active supervised probation for five years upon release, would deprecate the seriousness of the offense. The judge did not, however, specify whether Defendant’s sentence would run consecutive or concurrent to his sentence imposed under docket number 77,507. This appeal by Defendant ensued.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The trial court erred in failing to comply with the plea agreement entered at the time of Mr. Smith’s plea.
 

 The defense argues that the trial judge failed to adhere to the terms of the plea agreement. Specifically, the trial court failed to designate that Defendant’s sentence is to run concurrent with any other sentence he would receive as a result of his probation being revoked in docket number 77,507. Defense further acknowledges that, while a sentence imposed in accordance with a plea agreement is not subject to review on appeal, the sentence the trial judge imposed did not fully comport with the terms of the plea agreement.
 

 The State concedes that the intended plea agreement was to result in concurrent sentences for Defendant.
 

 La. C. Cr. P. art. 883, concurrent and consecutive sentences, provides:
 

 If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all |4be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.
 

 In the case
 
 sub judice,
 
 because Defendant’s conviction in 2008 and the instant conviction in 2010 were not part of the same transaction, occurrence or parts of a common scheme, the statute mandates that, unless noted by the judge, the sentences are to be served consecutive to one another. La. C. Cr. P. art. 883. Thus, without the judge specifically ordering the sentences to run concurrent to one another, the sentences would run consecutively and the conditions of the plea agreement would not be fulfilled. The sentence must, therefore, be vacated and the matter remanded to the trial court for resentencing in accordance with the terms of the plea agreement.
 

 ERROR PATENT
 

 Defendant pled guilty to possession of a Schedule II, CDS, cocaine, with the intent to distribute. This crime is punishable by a term of imprisonment for not less than two years nor more than 30 years, with the first two years without the benefit of parole, probation or suspension of sentence. La. R.S. 40:967(B)(4)(b). The trial judge failed to designate Defendant’s first two years of his sentence to be served without
 
 *1059
 
 the benefit of parole, probation or suspension of sentence. When a district court fails to order service of sentence without benefits in a case in which a determinate time period to be so served is mandated by the statute of conviction, the sentence automatically will be served without benefits for the required time |fiperiod. La. R.S. 15:301.1(A);
 
 State v. Williams,
 
 00-1725 (La.11/28/01), 800 So.2d 790.
 

 DECREE
 

 For the foregoing reasons, the sentence of Defendant, Rondricus Smith, is vacated and the matter remanded for resentencing in accordance with the terms of the plea agreement.
 

 SENTENCE VACATED AND REMANDED FOR RESENTENCING.
 

 [1]
 

 . On November 15, 2010, Defendant was present in court on two matters, docket number 77,507 for a probation revocation hearing, and docket number 82,186, the current charge.
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).