Judge JOY COSSICH LOBRANO.
b Hyran Brooks appeals his convictions and sentences for one count each of battery of a correctional officer and obscenity, *914 asking only for a review of the record for errors patent. Because the error as to one of Mr. Brooks’ sentences requires no action by this court, and there are no other patent errors, we affirm his convictions and sentences.
The State of Louisiana filed a bill of information on January 10, 2012, charging Mr. Brooks with the two aforementioned charges. Mr. Brooks pled not guilty to both charges. Although retained counsel filed several pretrial motions, counsel withdrew in July 2012. New counsel obtained several continuances of trial. Mr. Brooks eventually waived his right to a jury, and the court conducted a bench trial on October 4, 2013 and took the matter under advisement. On October 8th, the court found Mr. Brooks guilty as charged in both counts. The court sentenced Mr. Brooks on November 19, 2013, to serve two years at hard labor on both counts, to run consecutively. The court also granted Mr. Brooks’ motion for appeal. The State filed a multiple bill, charging Mr. Brooks as a second felony offender as to the battery count only. On March 11, 2014, Mr. Brooks pled guilty to the multiple bill. The court vacated the original sentence and sentenced Mr. |2Brooks to serve two and a half years at hard labor. Mr. Brooks now appeals these convictions and sentences.
The charges in this case arose from an incident that occurred on July 4, 2011, on Tier B-l at the Orleans Parish Prison where Mr. Brooks was incarcerated. On that date, Mr. Brooks, who had been injured in a shooting sometime prior to his incarceration, asked Deputy Gene Law, III, to call for a nurse to see Mr. Brooks because of back pain. Deputy Law testified that he called for medical help, but no medical personnel responded, and at some point in the early afternoon, Mr. Brooks expressed his frustration and accused the deputy of not calling for medical help. Deputy Law testified that he and Mr. Brooks were in a hallway near the day room and cells on Tier B-l, and he told Mr. Brooks that he would call the watch commander, but Mr. Brooks could not remain in the hallway; he would have to return to his cell or go into the day room. Deputy Law testified that he made the call but was told that the nurses were busy. Deputy Law testified that when he related this information to Mr. Brooks, Mr. Brooks became enraged, pulled down his pants, grabbed his penis and masturbated, while telling Deputy Law to “suck it.” Deputy Law testified that he called the watch commander, who sent another deputy to escort Mr. Brooks to his office. By that time, Mr. Brooks had pulled up his pants. Deputy Law stated that he locked the remaining doors to the tier and then went to the watch commander’s office.
Deputy Law testified that once in the watch commander’s office, Mr. Brooks denied any of the actions detailed above. He stated that Mr. Brooks became irate when he saw the deputy, lunged at him, and hit him in the right cheek. He testified that the other deputies in the office separated the men, and then Sergeant Tyrone Cau-sey, the watch commander, told him to leave.
|sOn cross-examination, Deputy Law admitted that he had had problems with Mr. Brooks and he believed that Mr. Brooks’ grandmother had filed a complaint against him with Sheriff Gusman.
Sergeant Tyrone Causey, the watch commander on the day of the incident, testified that, after being advised of the incident on Tier B-l, he had another deputy escort Mr. Brooks to his office for questioning. Mr. Brooks denied the incident happened. He testified that he also told Mr. Brooks that Deputy Law had notified medical personnel about his back pain. *915 He stated that Mr. Brooks became aggravated when Deputy Law told Sergeant Causey that Mr. Brooks had lied about the incident, and Mr. Brooks hit Deputy Law. Sergeant Causey then had other deputies separate the men, and he told Deputy Law to leave. He stated that Mr. Brooks was not in handcuffs at the time of either incident, and after he hit Deputy Law, Mr. Brooks was escorted to the medical unit, where he refused treatment. He also stated that Deputy Law was acting in the normal course of his duties when Mr. Brooks hit him.
Linda Polk, a registered nurse at O.P.P., testified that she examined Deputy Law after the incident and found that he had redness and swelling to his right cheek. Although she completed a medical advice form and gave it to him, she did not take any photographs of his face. She stated that his injuries did not include any cuts.
Mr. Brooks called Ardell Dixon, who was incarcerated on Tier B-l on July 4, 2011. Mr. Dixon testified that he was in the day room and saw Mr. Brooks and Deputy Law arguing, but did not see Mr. Brooks pull down his pants or grab his penis. Soon thereafter, he saw Mr. Brooks being escorted off the tier. He denied speaking with Mr. Brooks about the incident.
|4Mr. Brooks denied pulling down his pants, grabbing his penis, telling Deputy Law to “suck it,” or hitting him. He testified that early in the morning of the day of the incident, he asked Deputy Law to call for medical help because a bullet in his back had moved and was straining against his skin. A few hours later, when medical help did not arrive, he asked Deputy Law to call again, and the deputy refused to do so, stating instead that Mr. Brooks was lying about his injury. He asked for help from Deputy Law again right before lunch, and Deputy Law told him he was not going to call for help. Mr. Brooks testified that he went into the day room and called his grandmother, who then called Sergeant Causey, and he told her that he had not received a medical call from' Tier B-l and would get someone to examine Mr. Brooks.
Mr. Brooks testified that when he returned from lunch, he again asked Deputy Law to call for medical help. When Dep. Law refused to do so, Mr. Brooks refused to return to his cell or go into the day room. The two men argued, and then Deputy Law taunted him to call his grandmother for help. Mr. Brooks testified that the deputy walked off the tier and then returned, standing behind the wire gate and nodding at him. Another deputy came and escorted him to Sergeant Cau-sey’s office. Mr. Brooks testified that he showed Sergeant Causey his back, and the sergeant told him that he needed medical attention. Sergeant Causey then asked him why he had pulled down his pants and showed his penis to Deputy Law, and Mr. Brooks denied doing so. Mr. Brooks testified that Deputy Law.then stated that Mr. • Brooks was lying and hit him in the neck. Mr. Brooks testified that he fell to the floor-, and another deputy grabbed Deputy Law. Sergeant Causey then told Deputy Law to leave. Mr. Brooks testified that Sergeant Causey then warned him that if he touched Deputy Law, he would be booked on another charge. Mr. | ¡¡Brooks denied hitting Deputy Law. He also pointed out that Deputy Law claimed that he was hit on his right cheek, but Mr. Brooks is right handed.
On cross-examination, Mr. Brooks reiterated that he and Deputy Law merely exchanged words while on the tier. He testified that there are no cameras in the watch commander’s office, and that is where deputies take inmates to beat them. He stated that his grandmother and Deputy Law earlier got into an altercation, after *916 which Deputy Law was demoted after she filed a complaint against him. Mr. Brooks insisted that both Deputy Law and Sergeant Causey’s testimony was false. Mr. Brooks admitted having prior convictions for distribution of marijuana and attempted possession of a firearm by a convicted felon.
On rebuttal, the State called Deputy Law and Sergeant Causey, both of whom denied that deputies took inmates to Sgt. Causey’s office to beat them. They also denied that Deputy Law hit Mr. Brooks while in Sergeant Causey’s office.
Counsel for Mr. Brooks has requested only a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate thorough reviews of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed the record and found no trial court ruling that arguably supports the appeal. A copy of counsel’s brief was forwarded to Mr. Brooks, and lathis Court informed him of his right to file a brief in his own behalf. As he failed to so do, this Court’s review is limited to a review of patent errors.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal record. Mr. Brooks was properly charged by bill of information with one count each of battery of a correctional officer and obscenity, violations of La. R.S. 14:34.5 and La. R.S. 14:106. The bill of information was signed by an assistant district attorney. Mr. Brooks was present and represented by counsel during arraignment, trial, and at sentencing. The court’s verdicts of guilty as charged of both counts are legal in all respects. Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that Mr. Brooks was guilty of both charges.
While there is no error as to Mr. Brooks’ obscenity sentence, there is error as to his battery sentence. La. R.S.14:35B(2), the pertinent sentencing provision, requires that his sentence be imposed without benefit of parole, probation, or suspension of sentence. Neither when the court imposed the original sentence nor when it imposed the multiple bill sentence as to this count did the court include these prohibitions in the sentence. However, as per La. R.S. 15:301.1A and State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, these prohibitions are deemed to have been imposed.[1] Thus, there is no action this court must take with respect to this sentence.
17Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm Hyran Brooks’ convictions and sentences. We also grant appellate counsel’s motion to withdraw.
AFFIRMED; MOTION TO WITHDRAW GRANTED.

. In addition, the court properly did not impose a fine because the appellant was sentenced as a multiple offender. See State v. Dickerson, 584 So.2d 1140 (La. 1991); State v. Nora, 2013-0892 (La.App. 4 Cir. 6/18/14),T43 So.3d 1237.