CLARENCE E. McMANUS, Judge.
 

 \,STATEMENT OF THE CASE
 

 On July 17, 2007, the Jefferson Parish District Attorney filed a bill of information in district court case number 07-4269, charging defendant, John E. McKenzie, with possession of stolen property valued at over $1000.00 in violation of LSA-R.S. 14:69. Defendant pled not guilty to this charge at his arraignment on the following day.
 

 On August 15, 2007, the Jefferson Parish District Attorney filed a bill of information in district court case number 07-4842, charging defendant with distribution of cocaine within 1000 feet of a church in violation of LSA-R.S. 40:981.3. Defendant pled not guilty to this charge at his arraignment on the following day.
 

 On August 22, 2007, defendant withdrew his not guilty pleas and pled guilty as charged to distribution of cocaine within 1000 feet of a church and to possession of stolen property valued at over $1000.00. Defendant was sentenced to ten years | ^.imprisonment at hard labor on each count, to run concurrently. Also on this date, the State filed a multiple offender bill of information in case number 07-4269, alleging that defendant was a second felony offender. Defendant admitted the allegations in the multiple bill. His original sentence in case number 07-4269 was vacated, and defendant was sentenced as a second felony offender to ten years at hard
 
 *56
 
 labor, to run concurrently with the sentence he was given in case number 07-4842. On September 2, 2009, the district court granted defendant an out-of-time appeal in case number 07-4842.
 

 On November 17, 2009, defendant filed with this Court a motion for remand for correction of a clerical error in the district court’s order, which granted defendant an out-of-time appeal. Although defendant’s Application for Post-Conviction Relief reflected both district court case numbers 07-4269 and 07-4842, the order granting the out-of-time appeal only included case number 07-4842. Therefore, this Court remanded the matter to the district court for correction of the clerical error so that the order reflected both district court case numbers 07-4269 and 07-4842, and this Court ordered that the record on appeal be supplemented to include those documents necessary to perfect the appeal in case number 07-4269. On December 15, 2009, the district court complied and amended its order, combining district court case numbers 07-4269 and 07-4842 into one appeal. Thereafter, Supplement “B”, which involves case number 07-4269, was made a part of this record. Thus, this appeal is from both district court case numbers 07-4269 and 07-4842.
 

 DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530-31 (La.App. 4 Cir.1990), appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
 

 In
 
 Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal |sis wholly frivolous.
 
 Bradford,
 
 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to
 
 *57
 
 withdraw and affirm the defendant’s conviction and sentence.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. His brief reflects a review of both case numbers 07-4269 and 07-4842. He contends that defendant’s sentence, although “grave,” was “precisely in line with the plea agreement.” He further contends that defendant was approximately 25-years old at the time of the guilty plea, and the bargained-for sentence did not appear to be constitutionally excessive under the circumstances of the case. Appellate counsel notes that the bills of information appear to be in order, and that the minutes indicate defendant was present at all critical court proceedings.
 

 Counsel also addresses potential issues argued below by defendant in a June 2008 Application for Post-Conviction Relief (APCR) and in a February 2009
 
 pro se
 
 notice of intent to seek appeal. In the APCR, defendant argued that his habitual offender adjudication was defective because the trial court failed to adequately advise him of what the State’s burden would be should he contest the adequacy of the proof of his predicate conviction. Also, defendant alleged in the application that the trial judge failed to inform him that the State had the burden of proving that his prior felony convictions were not obtained in violation of his right to counsel. Counsel also explains that in the notice of intent to seek appeal, defendant alleged that the trial court failed to comply with the provisions of LSA-R.S. 15:529.1 and that the sentence imposed was excessive. Appellate counsel addresses these issues by noting that the waiver of rights form and the transcript regarding the multiple bill properly addressed defendant’s rights. Counsel 1 firecognizes that the form reflected that defendant waived his right to a hearing on the multiple bill and acknowledged that he was waiving his rights to require the State to prove he was the same person alleged to have a prior felony record and that if his prior conviction was by plea, he was waiving his right to require the State to prove that at the time of the plea he was advised of his right to trial by jury, his right to confront his accusers, and his right to remain silent. Nevertheless, appellate counsel concludes that defendant’s “conviction and sentence should be set aside and the case remanded for further proceedings in conformity with law.”
 

 Appellate counsel has filed a motion to withdraw as attorney of record, which states he has sent a copy of his brief to defendant, preserving to defendant any and all rights including the right to file a
 
 pro se
 
 supplemental brief. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and that he had until August 1, 2010, to file a
 
 pro se
 
 supplemental brief. Defendant did not file a brief in this matter.
 

 The State filed a response brief in this matter, suggesting that this Court affirm defendant’s convictions and sentences. The State contends that counsel’s brief shows a complete and thorough recitation of the procedural history of the case. It further contends that counsel concedes that the multiple offender adjudication was proper, that the sentence was in line with the plea agreement, and that there were no other non-frivolous issues upon which to base an appeal.
 

 An independent review of the record by this Court supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The bills of information in the cases properly charged defendant and present no non-frivolous issues supporting an appeal. As required, the bills of information 17plainly,
 
 *58
 
 concisely, and definitively state the essential facts constituting the offenses charged.
 
 See
 
 generally LSA-C.Cr.P. arts. 464-66.
 

 As reflected by the minute entries and the commitments, defendant appeared at each stage of the proceedings against him. He attended his arraignments and was present to plead guilty and for sentencing in the matters, thus, there are no issues to discuss on appeal concerning defendant’s presence.
 

 Further, defendant pled guilty as charged in both cases. He also admitted the allegations in the multiple bill that was filed in case number 07-4269. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes a review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.
 
 State v. Schaefer,
 
 97-465, p. 9 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
 

 Defendant did not file any pre-trial motions. Therefore, there are no trial court rulings defendant could have preserved for appeal under the holding in
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 The record, including its supplements, does not reveal any irregularities in defendant’s guilty pleas. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and | svoluntarily, if the Boykin
 
 [1]
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 McCoil, supra.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 Regarding defendant’s guilty pleas, the record shows that defendant was advised of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant indicated that he understood that by pleading guilty he was giving up these rights. Further, defendant executed a waiver of rights form. The trial judge accepted the pleas, finding that defendant understood his rights and was knowingly and intelligently waiving his rights.
 

 As to the multiple offender bill, the trial judge properly explained to defendant his multiple offender rights. Defendant was advised that he was giving up his right to have a hearing where the District Attorney would have to prove that he was the same person with the prior felony and that the time period between the completion of the sentence for the prior felony and the date of the crime for the more recent conviction was ten years or less. The court also explained what the State would have to establish regarding a prior conviction that resulted from a guilty plea. Defendant was further informed that he was relinquishing his rights to confront witnesses and to remain silent at the hearing. Defendant indicated that he understood. He also executed a waiver of rights form, which suggested he was not forced,
 
 *59
 
 coerced, or threatened and that he understood the consequences of his admission.
 

 | nFurther, defendant was advised of the offenses with which he was charged and the sentencing ranges he could be exposed to for the offenses. Defendant was also informed as to what his sentences would be if he pled guilty to the offenses. The waiver of rights form regarding the multiple bill reflects that defendant was informed as to the sentencing range he faced as a multiple offender, as well as the specific sentence he would receive if he admitted the allegations of the multiple bill. After defendant pled guilty and admitted he was a second felony offender, it appears the trial judge imposed sentences in conformity with the plea agreements.
 

 LSA-C.Cr.P. art. 881.2(A)(2) provides, “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.”
 
 See also State v. Washington,
 
 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. This Court has consistently recognized that this article precludes a defendant from seeking review of an enhanced sentence to which the defendant agreed.
 
 State v. Moore,
 
 06-875, p. 15 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 46.
 

 Further, the defendant’s sentences were within the sentencing ranges prescribed by the statutes. Defendant pled guilty to distribution of cocaine within 1000 feet of a church in violation of LSA-R.S. 40:981.3. LSA-R.S. 40:981.3(E)(1) provides that “[wjhoever violates a provision of this Section shall be punished by the imposition of the maximum fine and be imprisoned for not more than one and one-half times the longest term of imprisonment authorized by the applicable provisions of R.S. 40:966 through 970.” Subsection (2) provides that “[a] sentence imposed for a violation of the provisions of this Section shall not be subject to parole, probation, or suspension of sentence to the extent that the minimum sentence for a violation of a felony provision of R.S. 40:966 through 970 is not subject to parole, probation, or suspension of sentence.” LSA-R.S. 40:981.3(E)(2). |1nThe penalty for distribution of cocaine is “imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.”
 
 See
 
 LSA-R.S. 40:967(B)(4)(b). As such, pursuant to LSA-R.S. 40:981.3 and LSA-R.S. 40:967, the sentencing range for distribution of cocaine in a drug-free zone is between two and 45 years at hard labor with a fine of $50,000. Further, the sentence should have been imposed without benefit of parole, probation, or suspension of sentence for the first two years.
 
 See State v. McCray,
 
 07-143, pp. 9-11 (La.App. 5 Cir. 7/30/07), 966 So.2d 616, 622,
 
 writ denied,
 
 07-1826 (La.2/1/08), 976 So.2d 715.
 

 Defendant also pled guilty to an offense pursuant to LSA-R.S. 14:69, which provides for a sentence of imprisonment with or without hard labor, for not more than ten years, a fine of not more than three thousand dollars, or both.
 
 See
 
 LSA-R.S. 14:69(B)(1). As a second felony offender, defendant was subject to a sentence of not less than one-half of the maximum term of sentence of the underlying offense and not more than twice the maximum term of the underlying offense.
 
 See
 
 LSA-R.S. 15:529.1. Thus, the sentencing range applicable to defendant, as a second felony offender, for possession of stolen things valued at $500.00 or more, was five to 20 years imprisonment, without benefit of probation or suspension of sentence. LSA-R.S. 14:69(B)(1); LSA-R.S. 15:529.1.
 

 
 *60
 
 Based on the foregoing, the proceedings surrounding defendant’s pleas of guilty, his admission to being a multiple offender, and his sentences do not present any non-frivolous appealable issues. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an | r, independent review of the record supports counsel’s assertion, we affirm defendant’s convictions and sentences and grant appellate counsel’s motion to withdraw as attorney of record.
 

 ERROR PATENT DISCUSSION
 

 Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990) regardless of whether defendant makes such a request. The following errors are addressed.
 

 First, we note that the commitment in case number 07-4269 reflects that defendant was sentenced under the multiple bill statute, but does not reflect defendant’s specific status as a multiple offender. The transcript reflects defendant admitted to being a second felony offender. This Court has recognized a similar matter to be error patent. In
 
 State v. Dufrene,
 
 07-823, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 31, 34, the transcript reflected that defendant pled guilty to being a second felony offender while the commitment reflected that the defendant was “sentenced under the Multiple Bill statute.” This Court remanded the matter to the trial court for the limited purpose of correcting the commitment to state defendant was sentenced as a second felony offender.
 
 Id.
 

 Therefore, we remand this matter for correction of the commitment, and direct the district court to make the entries in the minutes reflecting these changes and direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 

 Next, defendant pled guilty to distribution of cocaine within 1000 feet of a church in violation of LSA-R.S. 40:981.3, and he was sentenced to ten years imprisonment at hard labor. However, this sentence is illegally lenient. LSA-R.S. 11240:981.3(E) requires that defendant be ordered to pay a mandatory fine equal to the maximum fine provides in the underlying statute. The underlying statute, LSA-R.S. 40:967(B)(4)(b), pertaining to cocaine distribution, provided a maximum fíne of $50,000. The court should have sentenced defendant to pay a $50,000 fine, but failed to do so, and therefore the sentence is illegally lenient. Neither party raises this issue.
 

 It is undisputed that the appellate court has the authority to correct an illegally lenient sentence at any time, even if the defendant has entered into a plea bargain and is negatively affected by the correction.
 
 State v. Campbell,
 
 08-1226, p. 8 (La.App. 5 Cir. 5/26/09), 15 So.3d 1076, 1081,
 
 writ denied,
 
 09-1385 (La.2/12/10), 27 So.3d 842. The Louisiana Supreme Court has held that an appellate court has the authority under LSA-C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or the State.
 
 Campbell,
 
 08-1226 at 8, 15 So.3d at 1081. This Court has used that authority to notice the failure of the trial court to impose a mandatory fíne and the authority to remand the matter to the trial court for imposition of a mandatory fine. However, often in indigent defender matters, this Court has decided not to use this authority.
 
 Id.
 

 
 *61
 
 In
 
 State v. Horton,
 
 09-250, p. 10 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376, this Court declined to remand the matter for imposition of the mandatory fíne due to the defendant’s indigent status. This Court noted that the defendant was represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases.
 

 In this case, defendant pled guilty and is indigent, being represented by the Louisiana Appellate Project. As such, we refuse to disturb defendant’s sentence.
 
 See State v. England,
 
 09-746, pp. 12-13 (La.App. 5 Cir. 3/9/10), 38 So.3d 383, 391.
 

 Further, defendant’s sentence for the LSA-R.S. 40:981.3 conviction is also illegally lenient because it was imposed without restriction of benefits. LSA-R.S. 40:981.3(E)(2) provides that “[a]'sentence imposed for a violation of the provisions of this Section shall not be subject to parole, probation, or suspension of sentence to the extent that the minimum sentence for a violation of a felony provision of R.S. 40:966 through 970 is not subject to parole, probation, or suspension of sentence.” LSA-R.S. 40:967(B)(4)(b) provides that the first two years of the sentence is to be served without benefit of parole, probation, or suspension of sentence. Therefore, the first two years of defendant’s sentence should have been imposed without benefit of parole, probation, or suspension of sentence. Under LSA-R.S. 15:301.1 and
 
 State v. Williams,
 
 00-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, a statute’s requirement that a defendant be sentenced without benefit of parole, probation or suspension of sentence is self-activating. Therefore, no corrective action is required.
 

 In addition, defendant’s enhanced sentence was illegally lenient. Defendant was sentenced as a second felony offender in case number 07-4269 to ten years at hard labor, to run concurrently with the sentence he was given in case number 07-4842. The trial court did not order defendant’s enhanced sentence to be served without benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1(G). However, this error does not require corrective action because under
 
 Williams,
 
 00-1725 at 10, 800 So.2d at 799 and LSA-R.S. 15:301.1 the “without benefits” provision is self-activating.
 
 See State v. Moore,
 
 06-875, p. 18 (La.App. 5 Cir. 4/11/07), 958 So.2d 36, 48.
 

 | ^Accordingly, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted. We also remand this matter with instructions for correction of the commitment pursuant to the error patent discussed above.
 

 CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW AS ATTORNEY OF RECORD GRANTED; MATTER REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).