MURPHY, J.,
dissents with reasons.
hi have considered the opinion of the majority, arid respectfully dissent from its decision to grant appellate counsel’s motion to withdraw.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh’g denied, 3.88 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), appellate counsel’s mandate, in part, is to demonstrate to the appellate court, by full discussion and analysis, that he has cast an advocate’s eye over the trial record. The U.S. Supreme Court also rec *884 ognized in Anders, supra, how crucial the role, of appointed counsel is, one that cannot . be replaced by an appellate court:;
Independent review of the record by the ■appellate court, or the opportunity of the defendant to file his own brief, while providing important and necessary safeguards, cannot substitute for the essential equal protection, requirement that appointed counsel representing an indigent defendant “act in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae.”[1]
In this instance, counsel’s brief does not provide a full analysis of a felony conviction for which defendant received a 15-year sentence without the benefits .of probation, parole or suspension of sentence.
Furthermore, defendant filed a Notice of Appeal [sic] To Withdraw Guilty. Plea on April 5, 2013, in which he alleged four errors: an involuntary plea, ineffective assistance of counsel, no factual basis for his convictions and the trial court’s violation of his “rights.” The trial court denied defendant’s motion on May 16,2013. Defendant thereafter filed an application for post-conviction relief |a(APGR) on November 25, 2014, in which he alleged a lack of evidence to support his conviction for distribution of heroin, ineffective assistance of trial counsel, and an excessive habitual offender sentence. The trial court did not address the merits of the APGR, and instead interpreted it to be a motion for an out of time appeal, which it granted on December 4,- 2014. As part of its order, the trial court appointed the Louisiana Appellate Project to represent defendant on appeal. Otherwise, defendant’s APGR was dismissed without prejudice.- On January 16, 2015, defendant filed another APGR in which he asserted that he received ineffective assistance of trial counsel with respect to his guilty pleas. The merit of this claim was not considered, however, as the trial court deemed the APGR premature in light of defendant’s current pending appeal.
While the Anders brief before us acknowledges defendant’s post-conviction filings, the brief also contains no analysis of them. I note that, in other Anders appeals before this Court, appointed counsel has undertaken a review of a defendant’s post-conviction claims for the purpose of determining whether or not they could form the basis of . an appeal. See State v. McKenzie, 09-893 (La.App. 5 Cir, 02/15/11); 61 So.3d 54, 57, (“Counsel also addresses potential issues argued below by defendant in a- June 2008 Application for Post-Conviction Relief (APGR) and in a February 2009 pro se notice of intent to seek appeal.”) See also State v. Cole, 04-615 (La.App. 5 Cir. 03/01/05), 900 So.2d 15, wherein appointed counsel addressed defendant’s post-conviction claim of ineffective assistance of counsel in her Anders brief.
In summary, I find that the majority’s willingness to grant counsel’s motion to withdraw is not of benefit to defendant in ensuring his constitutional right to equal protection, as noted above. Even though the majority opinion does not find fault with the omissions in counsel’s brief, I believe that counsel should not be excused from the duty and standards of representation merited ' by the trial court’s ^appointment as set forth in Anders, supra, and Jyles, supra. Accordingly,- I would deny the motion to withdraw at this time and order counsel to specifically brief whether defendant’s conviction and sentence for being a felon in possession of a firearm, as well as any of defendant’s post- *885 conviction claims, present any nonfrivolous appealable issues.

. Anders v. California, supra, at 1400.