STATE OF LOUISIANA

VERSUS

ARTHUR WILLIAMS, JR.

NO. 20-KA-428

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 19,136, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING


April 28, 2021


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Hans J. Liljeberg


**CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR**
**CORRECTION OF THE UNIFORM COMMITMENT ORDER AND**
**MINUTE ENTRY**
>    **JGG**
>    **MEJ**
>    **HJL**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
Honorable Bridget A. Dinvaut
Justin B. LaCour

COUNSEL FOR DEFENDANT/APPELLANT,
ARTHUR WILLIAMS, JR.
Bertha M. Hillman

**GRAVOIS, J.**

Defendant, Arthur Williams, Jr., appeals the sentence the trial court imposed on him after a jury convicted him of aggravated second degree battery. For the reasons fully discussed below, we affirm defendant's conviction and sentence. Further, we remand this matter to the trial court for correction of the Uniform Commitment Order and a specified minute entry.

## PROCEDURAL HISTORY

On June 3, 2019, the St. John the Baptist Parish District Attorney filed a bill of information charging defendant, Arthur Williams, Jr., with aggravated second degree battery in violation of La. R.S. 14:34.7.[1] Defendant was arraigned on June 19, 2019 and pled not guilty. On December 11, 2019, a six-person jury found defendant guilty as charged.

On January 3, 2020, the State filed a habitual offender bill of information, alleging defendant to be a fourth-felony offender. On March 9, 2020, the State filed an amended habitual offender bill of information, alleging defendant to be a second-felony offender. On that same date, the trial court adjudicated defendant as a second-felony offender and then sentenced defendant to twenty-four years' imprisonment at hard labor.[2]

On June 17, 2020, defendant filed a motion to reconsider sentence, requesting that his twenty-four-year sentence at hard labor be served "consecutively" with his prior life sentence.[3] The trial court denied this motion on July 24, 2020. Prior to this ruling, on June 17, 2020, defendant also filed an

---

[1] On December 10, 2019, the State amended the date of the offense on the bill of information.

[2] The only sentence imposed by the trial court was the habitual offender bill sentence on March 9, 2020. Under La. R.S. 15:529.1(D)(3), a trial court shall vacate a defendant's previous sentence "if already imposed" before sentencing him as a habitual offender. Nothing in La. R.S. 15:529.1 mandates a sentence be imposed on the underlying offense before imposing the sentence on the habitual offender bill. *State v. Turner*, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 460 n. 8.

[3] It is noted that the copy of defendant's motion to reconsider sentence found in the record is not stamped as filed.

amended motion to reconsider sentence, wherein defendant moved the court to re-impose his sentence to be served "concurrently" with his prior life sentence. This motion was not ruled upon by the trial court at that time. On July 23, 2020, defendant filed a *pro se* motion for appeal, which was granted by the trial court the following day.

On July 29, 2020, the State filed a Motion to Reconsider Order Granting Defendant's Motion For Appeal and Designation of Record, arguing that the motion for appeal was untimely because it was filed four months after defendant's conviction and sentence. On August 12, 2020, the trial court issued an order finding that defendant's motion for appeal was timely filed.[4]

On December 9, 2020, defendant filed a Motion to Remand, Suspend Briefing and Reset Briefing Scheduling, which this Court granted on December 18, 2020. This Court ordered the trial court to render a ruling on defendant's amended motion to reconsider sentence and for the trial court to supplement the appellate record with the ruling. Following a hearing on January 11, 2021, the trial court issued a written judgment on January 13, 2021, granting defendant's amended motion and ordering that his twenty-four-year sentence shall run concurrently with any sentence defendant is now serving. The instant appeal followed.

## FACTS

On the evening of April 23, 2019, Monica Howard Walker returned home with defendant, her significant other at the time. Upon returning home, she sat on her bed and changed her clothes. Her cell phone then rang, but she did not answer it. She picked it up and placed it back down. When defendant asked who called her, she replied that it was no one. Defendant then asked for her phone, but she would not give him the phone. She testified that she told defendant, "it's

---

[4] The basis for the trial court's decision in this regard was the extended filing deadlines as ordered by Governor John Bel Edwards as a result of the COVID-19 pandemic.

somebody I just don't want to talk to," and he replied, "if you don't give me that phone I'm going to show you what I'm going to do." Defendant then retrieved a belt and "whacked" her hand for the first time. When defendant hit her again, she threw the cell phone to him but did not give him the passcode. After he hit her another time, she provided defendant with the passcode. Defendant then went through her messages and called people from her phone.

Defendant continued to hit Ms. Walker with the belt again and again. Ms. Walker, crying, jumped in the corner between her bed and nightstand. Defendant picked up a pipe and accused her of cheating on him.[5] She denied cheating on him, and she told him that she was tired and wanted to get ready for bed. Defendant then hit her with the pipe on her fingers, breaking two of them. She begged him to stop, and she recalled defendant saying, "b*tch, take your lick." After he put the pipe down, defendant retrieved a clothes iron. He asked Ms. Walker to admit that she cheated on him, or he would burn her with the iron. She testified that after she denied cheating on defendant, he "came at [her] with the iron." Defendant took the iron and laid it on her arm.

Ms. Walker testified that she told defendant that she needed to go to the hospital, but he said that she was not going to a hospital. He also said, "I'm going to make sure you don't get out of here." After suffering the whole night with her injuries, she told defendant to bring her to his mother's house. Defendant said that he would bring her to the hospital because he did not want his mother "fussing" at him. At the hospital, while defendant was looking down at his phone, Ms. Walker indicated to the triage nurse that defendant caused her injuries. The nurse alerted the emergency room staff about the situation. Ms. Walker stated that defendant played on his cell phone and acted like he did not do anything to her.

---

[5] Ms. Walker later explained that the pipe was the handle of a broom and that it was normally kept in the kitchen.

At trial, Ms. Walker testified that she previously had surgery on her fingers and another surgery was scheduled because her fingers were not healing correctly. She has pins and screws in both of her fingers and goes to therapy three times a week. She indicated that the iron print was still visible on her arm and that it was a constant reminder of what had happened to her. She confirmed that she told the police what occurred and that she provided permission to search her residence. Ms. Walker testified that previously, in February 2019, she went to the emergency room for treatment after defendant burned her with an iron. She did not tell the police at that time about the incident because she was scared. She denied attacking or causing injury to defendant on April 23, 2019. She later confirmed that she and defendant had physically fought previously.

Latoya Mason, a registered nurse in the emergency room at Ochsner–River Parishes, testified that Ms. Walker was her patient on April 24, 2019. She testified that Ms. Walker had a burn to her right forearm and that Ms. Walker's rings had to be cut off because her fingers were swollen. Another person was with Ms. Walker, who was identified as "her old man," and he kept his head down and played with his phone. Ms. Mason explained that she told Ms. Walker that she needed to collect a urine sample, and she took Ms. Walker into the bathroom. She then asked Ms. Walker if the individual in the room was abusing her, and Ms. Walker confirmed that such was the case. She informed Ms. Walker that she had to call the police.

Dr. Claude Craighead, an emergency room doctor at Ochsner–River Parishes, testified as an expert in general medicine. Dr. Craighead testified that he treated Ms. Walker, who had a broken finger, which caused the need for her ring to be cut off, a soft tissue contusion on the outside of her head, and a superficial second-degree burn on her right arm. He recalled Ms. Walker rating her pain as ten out of ten. He denied that Ms. Walker appeared intoxicated.

Deputy Benjamin Teekell with the St. John the Baptist Parish Sheriff's Office was dispatched to the emergency room at Ochsner–River Parishes on April 24, 2019. Deputy Teekell explained that after he separated Ms. Walker from defendant, she told him that she had been beaten with a metal pipe, beaten with a belt with a metal buckle, and burned with an iron. He recalled observing several injuries on Ms. Walker. He testified that Ms. Walker said that defendant attacked her at their home. After Ms. Walker signed a consent to search form, they went to her residence at 169 West 5th Street in Reserve where a metal pipe, a belt with a metal buckle, and an iron were seized from the bedroom. He confirmed that a DNA search warrant was obtained for a buccal swab from defendant. Deputy Teekell testified that on April 24, 2019, he arrested defendant for aggravated second degree battery.

Deputy Jenni Estraca, a crime scene officer with the St. John the Baptist Parish Sheriff's Office, testified that she was dispatched to 169 West 5th Street in Reserve on April 24, 2019. She collected evidence from the residence, including a clothes iron, a belt, a pillowcase, and a metal pipe. On April 25, 2019, she collected a swab for DNA testing from the metal pipe, and she sent the evidence to the Louisiana State Police Crime Lab for further analysis. She processed the pipe and clothes iron for latent fingerprints, and she collected a buccal swab from defendant and Ms. Walker.

Elizabeth Hamilton, a DNA analyst at the Louisiana State Police Crime Lab, testified as an expert in the field of DNA analysis. She testified that she analyzed several items in this case, including a pillowcase, a swab from a metal pipe, two swabs from a clothes iron, and reference samples from defendant and the victim. She testified that the DNA profile obtained from the reference sample of Ms. Walker could not be excluded as the donor of the DNA profile obtained from the swab of the suspected blood taken from the pillowcase. She testified that the DNA

profile obtained from the swab of the suspected blood taken from the metal pipe was consistent with the DNA profile obtained from the reference sample from defendant. She also stated that the DNA profile obtained from the swab from the clothes iron was consistent with being a mixture of DNA from a minimum of two contributors with one major contributor. She testified that Ms. Walker could not be excluded as the major contributor of the DNA profile and that no conclusions could be made regarding the minor contributor of the DNA profile. Ms. Hamilton further testified that the DNA profile obtained from the swab from the hot surface of the iron was consistent with being a mixture of DNA from a minimum of two contributors. She explained that no conclusions could be made due to the limited nature of the profile.[6] Ms. Hamilton confirmed that there was no evidence connecting defendant to the clothes iron from her analysis.

Amber Madere, a latent print comparison analyst at the Louisiana State Police Crime Lab, testified as an expert in latent print comparison. She testified that one of the three latent prints obtained from the metal pipe matched those of defendant's left palm.

<u>**LAW AND ANALYSIS**</u>

In his only assignment of error, defendant argues that his sentence is illegally excessive and constitutes an error patent. He argues that the trial court erred in imposing his sentence to be without the benefit of parole. Defendant notes that on March 9, 2020, he was sentenced to twenty-four years' imprisonment at hard labor and that the trial court was silent as to the restriction of benefits. However, the minute entry from that date and Louisiana Uniform Commitment Order ("UCO") both state that the sentence was imposed without parole. Defendant further notes that in the trial court's January 13, 2021 written judgment,

---

[6] Ms. Hamilton confirmed that it is not unusual for a hot surface to possibly destroy DNA material.

it states that defendant was sentenced without the benefit of parole, probation, or suspension of sentence. Defendant avers that the matter should be remanded to the trial court to resentence defendant with parole eligibility and to correct the UCO.

The State concedes that defendant's argument has merit and that this Court should amend his sentence to delete the denial of his parole eligibility.

In the instant matter, defendant was convicted of aggravated second degree battery on December 11, 2019, and thereafter, the State later filed a habitual offender bill of information alleging defendant to be a second-felony offender. At a hearing on March 9, 2020, the trial court found defendant to be a second-felony offender and sentenced defendant to twenty-four years' imprisonment at hard labor. The sentencing transcript does not reflect that benefits were restricted when defendant's sentence was imposed. However, the sentencing minute entry from that date and the UCO indicate that defendant's twenty-four-year sentence was to be served without the benefit of parole, probation, or suspension of sentence.

On June 17, 2020, defendant filed a motion to reconsider sentence requesting that his twenty-four-year sentence at hard labor be served "consecutively" with his prior life sentence for his conviction of armed robbery, which the trial court denied on July 24, 2020. On June 17, 2020, defendant also filed an amended motion to reconsider sentence, wherein defendant moved the court to re-impose his sentence to be served "concurrently" with his prior life sentence. The motion was not ruled upon by the trial court at that time. On December 18, 2020, this Court remanded the matter to the trial court for a hearing on defendant's amended motion to reconsider. Following a hearing, on January 13, 2021, the trial court issued a written judgment, which granted defendant's amended motion for reconsideration of sentence. The trial court ruled that

defendant's twenty-four-year sentence in this matter shall run concurrently with any sentence defendant is now serving.[7]

Based on the March 9, 2020 sentencing transcript, defendant was sentenced as a second-felony offender to twenty-four years' imprisonment at hard labor with no restriction of benefits. Though the sentencing minute entry from that date and the UCO both incorrectly reflect that defendant's twenty-four-year sentence was ordered to be served without the benefit of parole, probation, or suspension of sentence, where there is a discrepancy between the transcript and the minute entry, the transcript generally prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983).

Additionally, however, we find that defendant's habitual offender sentence was an illegally lenient sentence. Defendant was convicted of aggravated second degree battery in violation of La. R.S. 14:34.7, which did not require at the time of the offense that defendant's sentence be served without the benefit of parole, probation, or suspension of sentence. The trial court, at sentencing on March 9, 2020, correctly did not restrict the benefit of parole. However, defendant's sentence was imposed in violation of La. R.S. 15:529.1(G), which requires that an enhanced sentence under the habitual offender laws be imposed without the benefit of probation or suspension of sentence. Thus, because the underlying statute for aggravated second degree battery did not restrict parole, the trial court was only required to impose defendant's sentence without the benefit of probation or suspension of sentence. However, under La. R.S. 15:301.1(A) and the rationale in *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, the restrictive provision of La. R.S. 15:529.1(G) is self-activating, thus making corrective action

---

[7] The trial court incorrectly mentioned the restriction of benefits when describing the March 9, 2020 sentence in the procedural background section of its January 13, 2021 written judgment. In the section titled "Brief Factual Background" of the trial court's written judgment it states, "The defendant was sentenced to twenty-four (24) years with the Department of Corrections without benefit of parole, probation, or suspension of sentence."

unnecessary. *See State v. McKenzie*, 09-893 (La. App. 5 Cir. 2/15/11), 61 So.3d 54, 61.

Accordingly, we find that the sentence imposed was not illegally excessive and did not constitute a patent error because the trial judge did not actually sentence defendant without the benefit of parole. However, because the UCO and the March 9, 2020 sentencing minute entry indicate that defendant's twenty-four-year sentence was to be imposed without the benefit of parole, probation, or suspension of sentence, for purposes of accuracy, we remand this matter for correction of the UCO and the March 9, 2020 sentencing minute entry to reflect that defendant's twenty-four-year sentence was imposed only without the benefit of probation or suspension of sentence (and not without the benefit of parole). We further order the trial court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See State v. Cooks*, 18-296 (La. App. 5 Cir. 12/12/18), 260 So.3d 1270, 1277 (citing *State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142; *Roland v. State*, 06-244 (La. 9/15/06), 937 So.2d 846 (per curiam)).

## ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

The March 9, 2020 sentencing minute entry also does not reflect that this crime is designated as a crime of violence. The Louisiana Code of Criminal Procedure provides that certain crimes be designated in the minutes as crimes of violence. Among the crimes that "shall always be designated in the minutes as a crime of violence" is: "(18) aggravated second degree battery." *See* La. C.Cr.P. art. 890.3(C). Therefore, on remand we order correction of the March 9, 2020

minute entry to designate the conviction as a crime of violence. *See State v. Thompson*, 18-273 (La. App. 5 Cir. 11/28/18), 259 So.3d 1257, 1273, *writ denied*, 18-2077 (La. 9/6/19), 278 So.3d 372.

## DECREE

For the reasons set forth herein, defendant's conviction and sentence are affirmed. Additionally, the matter is remanded to the trial court for correction of the UCO and the March 9, 2020 minute entry as set forth above.

**CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER AND MINUTE ENTRY**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 28, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**20-KA-428**

### E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT        JUSTIN B. LACOUR (APPELLEE)              BERTHA M. HILLMAN (APPELLANT)
(APPELLEE)

### MAILED
NO ATTORNEYS WERE MAILED